IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION NO.: 7:20-cv-00138

| | |
|---|---|
| DENA GATES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| LEJEUNE MOTOR COMPANY d/b/a LEJEUNE HONDA CARS, | ) ) |
| Defendant. | ) ) |

Plaintiff, Dena Gates ("Plaintiff" or "Gates"), by and through counsel, brings this action against Defendant Lejeune Motor Company d/b/a Lejeune Honda Cars ("LHC" "Defendant") for violations of the Families First Coronavirus Response Act ("FFCRA"), Pub.L. No. 116-127, 134 Stat. 178 (2020) and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et. seq.*

## THE PARTIES

1. Gates is an adult individual who is a resident of Jacksonville, North Carolina.

2. Defendant LHC is a North Carolina domestic corporation registered and in good standing in the State of North Carolina.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 over the subject matter of the claims brought under the FFCRA for unlawful interference and retaliation.

4. The claims for violations of the NCWHA are based on the statutory and common law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FFCRA claims – Plaintiff's NCWHA claim arises from compensable work performed at Defendant's direction while she utilized FFCRA leave.

5. This Court has personal jurisdiction because Defendant conducts substantial business in Onslow County, North Carolina, which is located within this judicial district.

6. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Onslow County located within this judicial district.

7. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## COVERAGE ALLEGATIONS

8. Defendant employed less than 500 employees at all relevant times and is subject to the FFCRA, which is comprised of the Emergency Paid Sick Leave Act ("EPSLA") and the Emergency Family and Medical Leave Expansion Act ("EFMLEA").

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

10. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4)

## PLAINTIFF'S FACTUAL ALLEGATIONS

11. Plaintiff began her employment with Defendant in or about March 2018 as the Parts and Service Manager at Defendant's Honda automobile dealership in Jacksonville, North Carolina.

12. At all times Plaintiff met or exceeded Defendant's legitimate employment expectations.

13. On or about March 31, 2020, Plaintiff notified Defendant's Human Resource Director Lyn Coffman ("Coffman") and Defendant's General Manager Bill Bowen ("Bowen") via email that effective April 2, 2020, she required leave under the FFCRA because the school her son attends was closing due to Covid-19 and she required FFCRA leave to care for a child under 18 years of age.

14. Approximately 1 hour later, at 9:00 a.m. on March 31, Bowen requested to meet with Plaintiff in his office. Bowen informed Plaintiff that Defendant's owner, Jerry Stevenson, was "furious" with Plaintiff's request for leave. Bowen suggested that Plaintiff "take unemployment" because Plaintiff "was not willing to stay with the company during these hard times and maybe [Plaintiff] should be on unemployment." Bowen ended the meeting by informing Plaintiff that he would "talk to Jerry [Stevenson] and let [Plaintiff] know what would work best for the company and [Plaintiff]."

15. At approximately 9:40 a.m. on March 31, Bowen approached Plaintiff and stated: "We are good. Don't worry about what I said earlier. We are fine, you can do two-thirds income." As Plaintiff walked away, Bowen stated "You need to still be involved as much as you can in the dealership while you are out."

16. At approximately noon on March 31, Plaintiff complained to Coffman about Bowen's negative comments regarding her use of the FFCRA. Coffman counseled Plaintiff to "stay involved as much as you can because Bill [Bowen] is not happy about the situation."

17. In accordance with Bowen and Coffman's directive, Plaintiff performed intermittent work while on FFCRA leave, both at home and in-person at Defendant's workplace.

From April 3 through May 9, 2020, Plaintiff worked intermittently for a total of 83 hours and 30 minutes at Defendant's workplace and 7 hours and 40 minutes from her home.

18. Defendant did not compensate Plaintiff for the intermittent work she performed while on FFCRA leave.

19. On May 8, 2020, Bowen met with Plaintiff in his office and informed Plaintiff that she was being removed from her position as Parts and Service Manager because of poor performance. Bowen informed Plaintiff that she could remain employed with Defendant if she accepted a demotion to the position of "Service Writer." The service writer position is not a management position and is paid a significantly lower rate of compensation.

20. Later that day, Rob Crandall, Defendant's Sales Manager, confided to Plaintiff that he heard Bowen previously state: "anyone who takes off during the pandemic will not have a job when they [sic] return."

21. On May 9, 2020, Plaintiff informed Bowen via email that she was not willing to accept a demotion or a cut in pay. Plaintiff stated the data Bowen allegedly relied upon to support her alleged performance issues was inaccurate and that her FFCPA leave was "held against" her.

22. Defendant violated the NCWHA by failing to pay Plaintiff her regular wages for the work she intermittently performed at Defendant's direction during the period April 3 through May 9, 2020.

23. Defendant is aware Plaintiff performed work during her FFCRA leave because it was performed at Defendant's direction. On May 11, 2020, Plaintiff provided Bowen with an accounting showing the dates the work was performed, the tasks Plaintiff performed, and the amount of time worked each day.

24. Defendant unlawfully retaliated against Plaintiff for utilizing protected leave under the FFCRA by removing her from the Parts and Service Manager position.

25. Defendant interefered with Plaintiff's right to utilize the leave provided by the FFCRA.

26. Defendant violated the FFCRA by failing to reinstate Plaintiff to her position of Parts and Service Manager.

27. Defendant violated the FFCRA by discontinuing payment of the compensation owed to Plaintiff under the FFCRA and failing to continue payment of compensation for the 12 week period covered by the FFCRA.

28. Defendants' actions were intentional, willful, and reckless.

## Plaintiff's First Cause of Action

### (Violation of FFCRA - Interference)

29. Plaintiff incorporates by reference paragraphs 1 through 28 of her Complaint.

30. Plaintiff's First Cause of Action arises from Defendant's interference with Plaintiff's rights under the FFCRA.

31. Defendant interfered with Plaintiff's rights under the FFCRA by threatening repercussions for utilizing leave permitted under the FFCRA; informing Plaintiff that Defendant's owner was "furious" with Plaintiff's decision to utilize the FFCRA and informing Plaintiff that her direct supervisor "was not happy" about her decision to utilize the FFCRA.

32. Defendant interfered with Plaintiff's rights under the FFCRA by discontinuing paying compensation to Plaintiff for the period required under the FFCRA.

33. Defendants' actions were intentional, willful and/or taken with reckless disregard of Plaintiff's rights under the FFCRA.

34. Plaintiff suffered damages as a result of Defendants' unlawful conduct.

## Plaintiff's Second Cause of Action

### (Violation of FFCRA – Retaliation)

35. Plaintiff incorporates by reference paragraphs 1 through 34 of her Complaint.

36. Plaintiff's Second Cause of Action arises from Defendant's unlawful removal of Plaintiff from her position as Parts and Service Manager because she utilized protected FFCRA leave and its failure to reinstate Plaintiff to the position of Part and Service Manager at the conclusion of her FFCRA leave. These acts were taken in retaliation for Plaintiff asserting her rights under the FFCRA.

37. Defendants' actions were intentional, willful and/or taken with reckless disregard of Plaintiff's rights under the FFCRA.

38. Plaintiff suffered damages as a result of Defendant's unlawful conduct.

## Plaintiff's Third Cause of Action

### (Violation of NCWHA – Failure to Pay Earned Wages)

39. Plaintiff incorporates by reference paragraphs 1 through 38 of her Complaint.

40. Plaintiff's NCWHA claims arise from Defendant's policy and practice of failing to pay earned wages in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

41. Defendants failed to timely pay all wages earned by Plaintiffs on her regularly scheduled paydays, including the next regular payday following the termination of Plaintiff's employment.

42. Defendant's conduct was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to the FFCRA that Defendant reinstate Plaintiff to the position she held prior to the termination of her employment or to a comparable position with full seniority, benefits and wages, or pay front pay to Plaintiff in lieu thereof;

b) An Order pursuant to the FFCRA that Defendants pay Plaintiff all lost wages, benefits, compensation, and monetary loss suffered because of Defendant's unlawful actions;

c) An Order Pursuant to the FFCRA that Defendant pay Plaintiff liquidated damages;

d) Order pursuant to the FFCRA ordering Defendant to pay Plaintiff all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

e) Order pursuant to N.C. Gen. Stat. § 95-25.22 finding Defendant liable for unpaid wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

f) Order Defendant to pay to Plaintiff pre- and post-judgment interest on all sums recoverable; and

g) Order Defendant to provide Plaintiff with all other legal and/or equitable relief to which she is entitled.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

7

Case 7:20-cv-00138-FL    Document 1    Filed 07/23/20    Page 7 of 8

/s/ Jason S. Chestnut
Philip J. Gibbons, Jr., NCSB  #50276
Craig L. Leis, NCSB #48582
Jason S. Chestnut NCSB #52066

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone:     (704) 612-0038

E-Mail:  phil@gibbonsleis.com
             craig@gibbonsleis.com
             jason@gibbonsleis.com